## MOUNT *against* BOGERT.

An independent fact, admitted by the defendant to a third person, authorized by him to attempt a compromise, is admissible in evidence against him.

THIS was an action for a breach of promise of marriage.

To make out the promise, a witness was offered, who had been authorized by the defendant to offer terms of compromise to the plaintiff, and to whom the defendant, in stating the terms of compromise, had admitted the promise made.

The defendant's counsel objected to this testimony, alleging that it was matter of compromise, and, therefore, could not be offered against the defendant.

THOMPSON, C. J. The communications between the parties, at the time of an attempted compromise, are alone privileged, the witness was not an authorized agent for both parties, and here has been an admission of a fact independent of the compromise. I think the testimony isadmissible.

Plaintiff had a verdict.(1)

1) It would seem, also, that all facts admitted during a negotiation for a compromise, are evidence against the party making them. The only matters arising out of an offer to compromise, which cannot be given in evidence, are, first, the offer to pay a sum of money, to get rid of the action, such offers being frequently made to stop litigation, without regard to the merits of the

case; (Peake, 19; Phillips, 78;) and second, concessions made merely for the purpose of settling matters in dispute.

Thus, in *Waldrige* v. *Kennison*, (1 Esp. N. P. Cases, 144,) an admission of hand-writing, made by the defendant pending a treaty for a compromise, was received in evidence by Lord Kenyon.    So, in *Slack* v. *Buchannan*, (Peake N. P. Cases, 5,) admissions made before an arbitrator, during an attempt to effect an amicable adjustment, were received in evidence by the same judge, although objected to, on the ground that they were made by defendant, in the hope of purchasing peace.    Lord Kenyon observing, at the same time, that he had hitherto made it a rule, never to receive any admissions whatever, which were made on a reference which was not effective, but he thought he had carried the rule too far, and wished it to be understood, that for the future, he should receive evidence of all admissions, such as the defendant would be obliged to make in his answer to a bill in equity, and would reject none but such as were merely concessions for the purpose of making peace, and getting rid of a suit.    *Vide etiam, Gregory* v. *Howard*, 3 Esp. N. P. 113.

These admissions assume a very interesting aspect, and are accompanied by much embarrassment when the witness, to whom they have been made, is, as is most frequently the case, the attorney or counsel for the party.    Lord Brougham has discussed this topic with great ability in the case of *Greenough* v. *Gaskill*, 9 Mylne & Keene, 78.    All the cases are there very carefully reviewed, and the extent of the protection of the client, in relation to facts entrusted to counsel, well defined.    *Vide etiam*, Anth. Law Stud. 20.7